Filed 1/12/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 5

Angie Heinle, Plaintiff and Appellee

v.

Travis Heinle, Defendant and Appellant

No. 20090065

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED IN PART, REVERSED, AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Thomas E. Merrick (argued), P.O. Box 1758, 300 Second Avenue NE, Ste. 200, Jamestown, ND 58402-1758, for plaintiff and appellee.

Anne E. Summers (argued) and Edwin W. F. Dyer III (on brief), 418 E. Broadway Avenue, Ste. 246, P.O. Box 2261, Bismarck, ND 58502-2261, for defendant and appellant.

Heinle v. Heinle

No. 20090065

Kapsner, Justice.

[¶1] Travis Heinle appeals from an amended divorce judgment awarding primary physical custody of the couple’s child, rehabilitative spousal support, and attorney fees to Angie Heinle.  Travis Heinle also appeals the district court’s calculation of his child support obligation.  We affirm the district court’s amended judgment awarding primary physical custody and attorney fees to Angie Heinle, but reverse and remand the district court’s award of rehabilitative spousal support and its calculation of Travis Heinle’s child support obligation for further proceedings consistent with this opinion.

I.

[¶2] Travis Heinle and Angie Heinle married in 1997 and have one minor child, A.N.H., who was born in 2004.  After Angie Heinle filed for divorce in March 2008, the district court entered an interim order establishing a temporary custody arrangement with both parties sharing joint legal and physical custody.  Prior to trial, Angie Heinle filed a motion to exclude evidence of settlement negotiations Travis Heinle included in an affidavit.  Angie Heinle argued the evidence was inadmissible under N.D.R.Ev. 408.  Angie Heinle also moved the district court to sanction Travis Heinle under N.D.R.Civ.P. 11 for submitting the inadmissible evidence.  The district court found the affidavit contained inadmissible evidence and granted Angie Heinle’s motion.

[¶3] After a two-day trial, the district court granted the parties’ divorce and awarded them joint legal custody of A.N.H., with Angie Heinle receiving primary physical custody.  The district court ordered Travis Heinle to pay rehabilitative spousal support in the amount of $400 per month for one year.  The district court also ordered Travis Heinle to pay $10,000 of Angie Heinle’s attorney fees.  In awarding attorney fees, the district court granted Angie Heinle’s motion for sanctions under N.D.R.Civ.P. 11, stated Travis Heinle concealed assets from the district court by not disclosing the amount of money he received from his father as compensation for working as a farmhand, and noted Travis Heinle earned more income and had a greater future earning capacity.  Lastly, the district court ordered Travis Heinle to pay $604 per month in child support.  In determining this amount, the district court adopted Angie Heinle’s proposed calculation, which utilized an extrapolated annual income based upon Travis Heinle’s earnings from January 1 to October 12, 2008.

II.

[¶4] Travis Heinle argues the district court was clearly erroneous to award primary physical custody of A.N.H. to Angie Heinle.
(footnote: 1)  At trial, each party requested the district court award him or her primary physical custody.  The district court found it was in A.N.H.’s best interests for the parties to share joint legal custody and for Angie Heinle to receive primary physical custody.  The district court disregarded the recommendation of the custody investigator, who recommended the court award joint physical custody to the parties.  Also, the custody investigator recommended, if the district court chose to award legal custody to only one parent, the court award it to Travis Heinle because he “is the parent that puts [A.N.H.’s] needs first.  He is the parent that is most consistent with [A.N.H.] in giving her structure and routine.”  As part of its findings of fact, the district court stated:  “The custody investigator’s report is unsupported by the facts.  A custody investigator’s report is to be considered by the Court, but the Court is not bound to follow its recommendations.”  On appeal, Travis argues this Court should reverse the district court’s decision and award primary physical custody to him.

[¶5] A district court shall award custody to the person who will better promote the best interests of the child.  
Lindberg v. Lindberg
, 2009 ND 136,   5, 770 N.W.2d 252.  As part of the best interests analysis, the district court must consider all relevant factors specified in N.D.C.C.   14-09-06.2(1).  
Id.
  Section 14-09-06.2(1), N.D.C.C., identifies the following factors as affecting the best interests of the child:

a. The love, affection, and other emotional ties existing between the parents and child.

b. The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.

c. The disposition of the parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

d. The length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity.

e. The permanence, as a family unit, of the existing or proposed custodial home.

f. The moral fitness of the parents.

g. The mental and physical health of the parents.

h. The home, school, and community record of the child.

i. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

j. Evidence of domestic violence . . . as defined in section 14-07.1-

01. . . .

k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child’s best interests. The court shall consider that person’s history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50-25.1-02.

m. Any other factors considered by the court to be relevant to a particular child custody dispute.

The Legislature amended N.D.C.C. § 14-09-06.2 effective August 1, 2009.  
See
 2009 N.D. Sess. Laws ch. 149, § 5.  However, because the amended statute took effect after the district court made its decision in this matter, we review the district court’s application of the best interests of the child factors under the prior version of the statute.

[¶6] “A district court’s award of custody is treated as a finding of fact and, on appeal, will not be reversed unless it is clearly erroneous under N.D.R.Civ.P. 52(a).”  
Lindberg
, 2009 ND 136, ¶ 4, 770 N.W.2d 252 (quoting 
Wessman v. Wessman
, 2008 ND 62,   12, 747 N.W.2d 85).  “Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of the witnesses, and we will not retry a custody case or substitute our judgment for a district court’s initial custody decision merely because we might have reached a different result.”  
Lindberg
, at ¶ 4 (quoting 
Jelsing v. Peterson
, 2007 ND 41, ¶ 11, 729 N.W.2d 157).  This is particularly relevant for custody decisions involving two fit parents.  
Lindberg
, at ¶ 4.

[¶7] “A district court cannot delegate to a[n] . . . independent investigator its authority to award custody to the parent who will promote the best interests and welfare of the child.”  
L.C.V. v. D.E.G.
, 2005 ND 180, ¶ 4, 705 N.W.2d 257 (citing 
Hogan v. Hogan
, 2003 ND 105, ¶ 10, 665 N.W.2d 672).  The district court has discretion to determine what weight to assign to the custody investigator’s conclusions.  
L.C.V.
, at ¶ 4.  The district court does not have to, nor should it, regard a custody investigator’s recommendation as conclusive.  
See
 
Schneider v. Livingston
, 543 N.W.2d 228, 233 (N.D. 1996) (involving a guardian ad litem’s recommendation) (citing 
McAdams v. McAdams
, 530 N.W.2d 647, 650 (N.D. 1995)).

[¶8] Here, the district court found factors (a), (b), (c), (f), (g), (j), and (m) favored Angie Heinle.  The district court found factors (d) and (h) favored neither party, while factors (e), (i), (k), and (l) were irrelevant to this case.  The district court did not find any factors favored Travis Heinle.

A.

[¶9] Travis Heinle argues the district court was clearly erroneous to find factor (a) favored Angie Heinle based upon her role as A.N.H.’s primary caretaker prior to the parties’ separation.  Factor (a) requires the district court to look at “[t]he love, affection, and other emotional ties existing between the parents and child.”  N.D.C.C. § 14-09-06.2(1)(a).  While this Court has recognized a primary caretaker enjoys no paramount or presumptive status under the best interests of the child factors, we have also stated primary caretakers “deserve recognition” in custody determinations.  
Heggen v. Heggen
, 452 N.W.2d 96, 101 (N.D. 1990).  The evidence demonstrated Angie Heinle served as A.N.H.’s primary caretaker prior to the parties’ separation.  As such, the district court was not clearly erroneous to conclude stronger emotional ties existed between Angie Heinle and A.N.H., and factor (a) therefore favored her.

B.

[¶10] Travis Heinle argues the district court erred in finding factor (b) favored Angie Heinle.  Under factor (b), courts must consider “[t]he capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.”  N.D.C.C. § 14-09-06.2(1)(b).  The district court found both parties had the capacity and disposition to give love and affection to A.N.H.  But the district court found factor (b) favored Angie Heinle because she had the better disposition to provide education and guidance to A.N.H.  Travis Heinle argues the district court’s finding was clearly erroneous because it entirely disregarded the custody investigator’s report.  The investigator’s report stated Travis Heinle was the parent who provided A.N.H. with the most consistency and structure.  The district court had discretion to determine what weight to assign to the custody investigator’s conclusions.  
L.C.V.
, 2005 ND 180, ¶ 4, 705 N.W.2d 257.  Also, testimonial evidence established Angie Heinle wished to enroll A.N.H. in preschool and talked to A.N.H. in an age-appropriate manner about the parties’ divorce.  The district court’s finding factor (b) favored Angie Heinle is therefore supported by evidence and not clearly erroneous.

C.

[¶11] Travis Heinle argues the district court was clearly erroneous to find factor (c) favored Angie Heinle.  Factor (c) requires the district court to look at “[t]he disposition of the parents to provide the child with food, clothing, medical care . . . and other material needs.”  N.D.C.C. § 14-09-06.2(1)(c).  Travis Heinle claims no evidence supports the district court finding either party was more disposed to provide for A.N.H.  In making custody determinations, district courts may give weight to a parent’s role as primary caretaker.  
Heggen
, 452 N.W.2d at 101.  Here, evidence at trial established Angie Heinle was A.N.H.’s primary caretaker prior to the divorce.  As Angie Heinle more frequently took care of A.N.H.’s needs prior to the parties’ separation, the district court was not clearly erroneous to conclude factor (c) favored her because she was more disposed to do so in the future as well.

D.

[¶12] Travis Heinle argues the district court erred in finding factor (f) favored Angie Heinle.  Factor (f) concerns “[t]he moral fitness of the parents.”  N.D.C.C. § 14-09-

06.2(1)(f).  The district court found no evidence established Angie Heinle was morally unfit, but Travis Heinle’s “failure to disclose information about his income from gifts or cattle reflects poorly on his moral character.”  The district court did not explicitly state factor (f) favored Angie Heinle, but the court’s language compels this conclusion.

[¶13] Angie Heinle testified Travis Heinle receives cash gifts from his father as compensation for Travis Heinle’s frequent work at his father’s farm.  Angie Heinle also stated Travis Heinle pointed to specific cattle at the farm and identified them as his.  Travis Heinle denied owning any of the cattle and disputed Angie Heinle’s claim that he identified any as his.  Travis Heinle testified he receives cash gifts from his father annually.  He stated he did not recall the specific amount, but estimated his father gave him between $1200-1600 in 2007.  Travis Heinle did not submit any documentation of the income he received from his father to the district court.  The district court found:  “Travis received cash gifts from his father which he refused to disclose in discovery and he could not ‘remember’ the amount of a gift he received less than one year ago.  This testimony is not credible.”  “We defer to the district court’s opportunity to observe and assess the credibility of witnesses.”  
Dronen v. Dronen
, 2009 ND 70, ¶ 12, 764 N.W.2d 675.  The district court’s finding factor (f) favored Angie Heinle is not clearly erroneous.

E.

[¶14] Travis Heinle argues the district court was clearly erroneous to find factor (g) favored Angie Heinle.  Under factor (g), the district court must consider “[t]he mental and physical health of the parents.”  N.D.C.C. § 14-09-06.2(1)(g).  At trial, the custody investigator testified she was concerned about Angie Heinle’s mental health because she cried during two home visits and was very emotional throughout.  The investigator stated she believed Angie Heinle may be suffering from depression.  The investigator testified Travis Heinle was not too emotional and she did not believe he suffered from depression.  Angie Heinle testified Travis Heinle left her in 1999 for approximately one year.  During that period, Angie Heinle stated she suffered from depression and took anti-depressants for six months to a year.  After her and Travis Heinle’s most recent separation, Angie Heinle testified she visited a counselor on a single occasion.  She stated the counselor told her she was not depressed and did not need further treatment.  Angie Heinle also testified Travis Heinle cried during several visitation exchanges of A.N.H.  Travis Heinle testified he began seeing a counselor after the parties’ most recent separation.

[¶15] The district court found “[t]here is no credible evidence that weighs against Angie as a parent because of mental or physical health.”  In contrast, the district court noted “Travis may be suffering from depression” because he “is still upset about the impending divorce” and has cried during visitation exchanges of A.N.H.  “We will not condone trial courts perpetuating damaging stereotypes based on gender.”  
Hogue v. Hogue
, 1998 ND 26, ¶ 18, 574 N.W.2d 579 (citing 
Dalin v. Dalin
, 512 N.W.2d 685, 689 (N.D. 1994)).  The district court applied a double standard to the parties, finding Angie Heinle’s emotional response to the divorce was normal, but Travis Heinle’s emotional response signaled mental health issues.  The district court’s finding factor (g) favored Angie Heinle is clearly erroneous.

F.

[¶16] Travis Heinle argues the district court was clearly erroneous to find factor (j) favored Angie Heinle.  Factor (j) requires the district court to consider “[e]vidence of domestic violence.”  N.D.C.C. § 14-09-06.2(1)(j).  The district court found:  “Neither party has been physically violent with each other.  Travis has called Angie a bitch and has threatened her.  Angie is favored under this factor.”  Despite finding factor (j) favored Angie Heinle, the district court did not invoke the statute’s rebuttable presumption against awarding child custody to a perpetrator of domestic violence.  
See
 N.D.C.C. § 14-09-06.2(1)(j).  Travis Heinle argues the district court erred because name-calling does not meet the statutory definition of “domestic violence” in N.D.C.C. § 14-07.1-01(2), and Angie Heinle testified his threats never placed her in fear of imminent physical harm.  Angie Heinle conceded Travis Heinle’s conduct did not constitute domestic violence and that the district court erred in finding factor (j) favored her.  However, Angie Heinle argues the district court could consider Travis Heinle’s name-calling and threats under factor (m), which allows the district court to consider any additional relevant factors.

[¶17] Section 14-07.1-01(2), N.D.C.C., defines “domestic violence” as “physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault . . . .”  The district court was clearly erroneous to conclude this factor favored Angie Heinle because Travis Heinle’s conduct does not qualify as domestic violence.  Nevertheless, the district court could consider this conduct under factor (m), because it was rationally related to the best interests of A.N.H.  Therefore, the district court’s error in identifying the factor under which the evidence could be considered does not affect whether the decision to award primary physical custody to Angie Heinle was clearly erroneous.

G.

[¶18] Travis Heinle argues the district court erred in finding factor (m) favored Angie Heinle.  Factor (m) allows a district court to consider “[a]ny other factors . . . relevant to a particular child custody dispute.”  N.D.C.C. § 14-09-06.2(1)(m).  The district court did not explicitly state factor (m) favored Angie Heinle, but the court’s language compels this conclusion.  The district court found Travis Heinle would not facilitate Angie Heinle’s relationship with A.N.H. because he has a controlling personality, and Travis Heinle’s black-and-white thinking would negatively effect his parenting.  The district court also found Travis Heinle’s testimony regarding the income he receives as compensation for helping on his father’s farm was not credible.

[¶19] Angie Heinle testified Travis Heinle was uncooperative for several months after the parties’ most recent separation.  Angie Heinle testified she no longer wished to communicate directly with Travis Heinle and preferred to use a parenting notebook instead.  She also stated Travis Heinle fails to take her opinion into consideration.  Angie Heinle testified Travis Heinle was very secretive about his income during the parties’ marriage.  Travis Heinle testified Angie Heinle was a better mother to A.N.H. before the parties’ separation.  He stated he had difficulty communicating with Angie Heinle about A.N.H. since the separation.  Travis Heinle also testified Angie Heinle did not have access to his individual bank account, though he had access to the joint account out of which she paid the parties’ bills.  “We defer to the district court’s opportunity to observe and assess the credibility of witnesses.”  
Dronen
, 2009 ND 70, ¶ 12, 764 N.W.2d 675.  The district court’s finding factor (m) favored Angie Heinle is not clearly erroneous.

[¶20] The district court had a difficult decision determining which of two fit parents should be awarded custody.  After reviewing the record, we are not left with a definite and firm conviction the district court made a mistake.  Although the district court was clearly erroneous to find factor (g) favored Angie Heinle, the court was not clearly erroneous to find she was favored under factors (a), (b), (c), (f), and (m), while Travis Heinle was favored under none.  As such, the district court was not clearly erroneous to find the totality of the best interests of the child analysis favored Angie Heinle.  We affirm the district court’s award of joint legal custody to the parties, with Angie Heinle receiving primary physical custody.

III.

[¶21] Travis Heinle also argues the district court was clearly erroneous to award rehabilitative spousal support to Angie Heinle.  A district court’s determination of spousal support is a finding of fact, which this Court will not set aside unless clearly erroneous.  
Pearson v. Pearson
, 2009 ND 154, ¶ 5, 771 N.W.2d 288.  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after a review of the entire record, we are left with a definite and firm conviction a mistake has been made.”  
Id.
 (quoting 
Krueger v. Krueger
, 2008 ND 90, ¶ 7, 748 N.W.2d 671).  “Rehabilitative spousal support is awarded to equalize the burdens of divorce or to restore an economically disadvantaged spouse to independent status by providing a disadvantaged spouse an opportunity to acquire an education, training, work skills, or experience to become self-supporting.”  
Wagner v. Wagner
, 2007 ND 33, ¶ 8, 728 N.W.2d 318 (quoting 
Greenwood v. Greenwood
, 1999 ND 126, ¶ 9, 596 N.W.2d 317).

[¶22] To determine whether an award of spousal support is appropriate, “[t]he district court must consider the relevant factors under the 
Ruff
-
Fischer
 guidelines.”  
Pearson
, 2009 ND 154, ¶ 6, 771 N.W.2d 288.  Under the guidelines, courts consider the following:

the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

Id.
  When ordering spousal support, the district court is not required to make specific findings on each factor so long as this Court can determine the reasons for the district court’s decision.  
Id.
 (citing 
Krueger
, 2008 ND 90, ¶ 8, 748 N.W.2d 671).  “However, this Court will not speculate on the district court’s rationale in awarding spousal support.”  
Kostelecky v. Kostelecky
, 2006 ND 120, ¶ 19, 714 N.W.2d 845.  “We must understand the basis for the district court’s decision before we can decide whether the findings of fact are clearly erroneous.”  
Pearson
, at ¶ 13 (quoting 
Lorenz v. Lorenz
, 2007 ND 49, ¶ 9, 729 N.W.2d 692).

[¶23] In its amended judgment, the district court ordered: “Pursuant to the 
Ruff
-

Fischer
 guidelines, Angie is entitled to spousal support.  Travis will pay Angie the sum of $400 per month as rehabilitative spousal support for a period of one year . . . .”  The district court did not make any specific findings under the 
Ruff
-

Fischer
 guidelines or otherwise explain its decision to award spousal support.  As a result, we are unable to determine whether the district court’s award of spousal support is clearly erroneous.  We reverse and remand to the district court for further proceedings regarding spousal support.

IV.

[¶24] Travis Heinle argues the district court improperly awarded $10,000 in attorney fees to Angie Heinle.  At trial, Angie Heinle requested the district court order Travis Heinle to pay all of her attorney fees for three reasons.  First, Angie Heinle requested the district court order Travis Heinle pay her attorney fees pursuant to her motion under Rule 11, N.D.R.Civ.P.  In the motion, Angie Heinle asked the district court to order Travis Heinle to pay her attorney fees as a sanction for including inadmissible evidence in a pre-trial affidavit and to allow her to recover the additional expenses she incurred in bringing a motion to exclude evidence.  Second, Angie Heinle requested Travis Heinle pay her attorney fees as a sanction for failing to disclose the money and cattle he received from his father.  Finally, Angie Heinle argued Travis Heinle should pay her attorney fees because he earns more and has a greater future earning capacity.

[¶25] In its amended judgment, the district court stated:  “Angie’s Rule 11 Motion is granted.  Travis has a greater income and earning capacity.  Travis has also concealed marital assets from the Court.  As a sanction, and based upon his ability to pay, Travis will pay $10,000.00 of Angie’s attorney’s fees.”  The district court therefore ordered Travis Heinle to pay Angie Heinle’s attorney fees pursuant to Angie Heinle’s motion for sanctions under N.D.R.Civ.P. 11, as a sanction for concealing assets, and based upon Travis Heinle’s ability to pay.

A.

[¶26] A district court may sanction a party under N.D.R.Civ.P. 11(c) for violating subsection (b) of the rule.  Rule 11(b), N.D.R.Civ.P., provides in relevant part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person’s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

. . . .

(3) the allegations and other factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

. . . .

“If a district court determines a party has violated N.D.R.Civ.P. 11(b), it may sanction the party, attorney, or law firm.”  
In re Pederson Trust
, 2008 ND 210, ¶ 22, 757 N.W.2d 740 (citing N.D.R.Civ.P. 11(c)).  “When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.”  N.D.R.Civ.P. 11(c)(3).  The rule requires that a court limit any sanction to what is sufficient to deter repetition of the sanctionable conduct.  N.D.R.Civ.P. 11(c)(2).  Rule 11, N.D.R.Civ.P., was modified in 1996 in response to changes made to Rule 11, Fed.R.Civ.P., in 1993.  N.D.R.Civ.P. 11, Explanatory Note.  “The 1993 amendments to Rule 11[, Fed.R.Civ.P.,] were motivated by a desire to curb some of the perceived excesses surrounding Rule 11 motion practice under the 1983 version of the rule.”  5A Charles Alan Wright & Arthur R. Miller, 
Federal Practice and Procedure
 § 1331 (3d ed. 2004).  

[¶27] The determination whether to impose sanctions for a violation of N.D.R.Civ.P. 11(b) lies within the sound discretion of the district court.  
Strand v. Cass County
, 2008 ND 149, ¶ 16, 753 N.W.2d 872.  This Court will not disturb a district court’s sanctions under N.D.R.Civ.P. 11(c) unless the district court abused its discretion.  
Id.
 at ¶ 17.  If the district court made any factual determinations relevant to the issue of sanctions, we review the district court’s findings under a clearly erroneous standard.  
Id.

[¶28] Prior to trial, Angie Heinle filed a motion to exclude evidence of settlement negotiations Travis Heinle included in an affidavit.  Angie Heinle argued the evidence was inadmissible under N.D.R.Ev. 408.  In conjunction with this motion, Angie Heinle also moved the district court to sanction Travis Heinle under N.D.R.Civ.P. 11 for submitting the inadmissible evidence.  The district court granted Angie Heinle’s motion to exclude evidence at trial.  In its amended judgment, the district court also granted Angie Heinle’s N.D.R.Civ.P. 11 motion and awarded her attorney fees.

[¶29] The district court failed to meet the requirements for sanctioning a party under N.D.R.Civ.P. 11(c).  The district court did not “describe the conduct determined to constitute a violation of [Rule 11(b)] and explain the basis for the sanction imposed.”  N.D.R.Civ.P. 11(c)(3).  The district court also failed to explain how the sanction was “limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.”  N.D.R.Civ.P. 11(c)(2).  These failures preclude this Court from affirming the award of attorney fees under N.D.R.Civ.P. 11(c).  
See
 
Farmland Mut. Ins. Co. v. Farmers Elevator, Inc.
, 404 N.W.2d 473, 479 (N.D. 1987) (in reference to N.D.R.Civ.P. 11(c), stating “[t]he trial court’s failure to state its rationale in awarding attorney fees renders it impossible for this Court on appeal to appropriately review the trial court’s determination.”) (internal quotations omitted).

B.

[¶30] A district court has the inherent power to sanction a litigant for misconduct, and such sanctions may include paying the other party’s attorney fees.  
Dronen
, 2009 ND 70, ¶ 51, 764 N.W.2d 675.  “Sanctions based on this inherent power will be overturned on appeal only upon a showing of abuse of discretion.”  
Id.
 (quoting 
Bachmeier v. Wallwork Truck Centers
, 544 N.W.2d 122, 125 (N.D. 1996)).  “A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner.”  
Dronen
, at ¶ 51.  “When sanctioning a party, the district court should consider ‘the culpability, or state of mind, of the party against whom sanctions are being imposed; a finding of prejudice against the moving party, and the degree of this prejudice, including the impact it has on presenting or defending the case; and, the availability of less severe alternative sanctions.’”  
Id.
 at ¶ 52 (quoting 
Dethloff v. Dethloff
, 1998 ND 45, ¶ 16, 574 N.W.2d 867).  A district court may only impose sanctions that are reasonably proportionate to the litigant’s misconduct.  
Dronen
, at ¶ 52.

[¶31] The district court stated Travis Heinle “concealed marital assets from the [c]ourt.”  Partly as a sanction for this misconduct, the district court awarded attorney fees to Angie Heinle.  The district court did not make findings regarding:  Travis Heinle’s state of mind or culpability; the prejudice to Angie Heinle caused by the misconduct; the availability of less severe alternative sanctions; or whether the size of the award was reasonably proportionate to Travis Heinle’s misconduct.  Therefore, beyond stating Travis Heinle concealed marital assets, the district court failed to make the findings and perform the analysis required before sanctioning a party for misconduct.  Without such findings and analysis, the district court failed to properly apply the law.  
See
 
Dronen
, 2009 ND 70, ¶ 55, 764 N.W.2d 675 (“[B]ased on our case law, an award of sanctions requires that the district court make findings on the basis and amount of the sanction.”).  The district court’s failure precludes this Court from affirming the district court’s award of attorney fees as a sanction for misconduct.  
Id.

C.

[¶32] In divorce proceedings, the district court has discretion to award attorney fees under N.D.C.C. § 14-05-23.  
Ulsaker v. White
, 2009 ND 18, ¶ 23, 760 N.W.2d 82.  An award of attorney fees is within the sound discretion of the district court and will not be set aside on appeal absent an abuse of discretion.  
Id.
  “A district court abuses its discretion if it misinterprets or misapplies the law.”  
Id.
 (quoting 
Christian v. Christian
, 2007 ND 196, ¶ 16, 742 N.W.2d 819).  In 
Reiser v. Reiser
, 2001 ND 6, ¶ 15, 621 N.W.2d 348, this Court succinctly explained the basis for an award of attorney fees under N.D.C.C. § 14-05-23:

[T]he trial court must balance one [party’s] needs against the other [party’s] ability to pay. [
Weigel v. Weigel
, 2000 ND 16, ¶ 16, 604 N.W.2d 462.]  The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case.  
Myers v. Myers
, 1999 ND 194, ¶ 13, 601 N.W.2d 264.  An award of attorney fees requires specific findings supported by evidence of the parties’ financial conditions and needs.  
Whitmire v. Whitmire
, 1999 ND 56, ¶ 14, 591 N.W.2d 126.

[¶33] In its findings of fact, the district court noted Travis Heinle’s W-2 wages were more than twice Angie Heinle’s in 2007.  The district court also granted Angie Heinle’s motion to exclude evidence, which implicitly established Travis Heinle’s submission of inadmissible evidence increased the time spent on the case.  In its distribution of the marital estate, the district court awarded Travis Heinle nearly seventy-five percent of the parties’ liquid assets, with Angie Heinle receiving the marital home, which was the single largest fixed asset.  The district court also ordered Angie Heinle to pay $13,228 to Travis Heinle to equalize the division of the parties’ net estate.  In awarding attorney fees, the district court stated Travis Heinle has a greater income and earning capacity and therefore had the ability to pay a portion of Angie Heinle’s attorney fees.

[¶34] In light of the district court’s consideration of the parties’ unequal incomes and earning capacity, as well as the equitable distribution of their net estate, we cannot say the district court abused its discretion by awarding attorney fees to Angie Heinle under N.D.C.C. § 14-05-23.  While the district court failed to make the findings or perform the analysis required to affirm the award of attorney fees under N.D.R.Civ.P. 11(c) or as a sanction for misconduct, we affirm the award of $10,000 in attorney fees to Angie Heinle because the district court acted within its discretion under N.D.C.C. § 14-05-23.

V.

[¶35] Travis Heinle appeals the district court’s calculation of his child support obligation, arguing the district court used an erroneous income figure.  We agree and remand the case back to the district court with instructions to recalculate Travis Heinle’s child support obligation consistent with this opinion.

[¶36] In 
State ex rel. K.B. v. Bauer
, 2009 ND 45, ¶ 8, 763 N.W.2d 462, this Court explained the standards of review applicable to child support determinations:

“Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review.”  
Buchholz v. Buchholz
, 1999 ND 36, ¶ 11, 590 N.W.2d 215.  “If the district court fails to comply with the child support guidelines in determining an obligor’s child support obligation, the court errs as a matter of law.”  
Serr v. Serr
, 2008 ND 229, ¶ 10, 758 N.W.2d 739 (quoting 
Serr v. Serr
, 2008 ND 56, ¶ 18, 746 N.W.2d 416).  The interpretation and proper application of a provision of the child support guidelines is a question of law, fully reviewable on appeal.  [
Serr
, 2008 ND 229, ¶ 11, 758 N.W.2d 739].  “The failure to properly apply the child support guidelines to the facts involves an error of law.”  
Korynta v. Korynta
, 2006 ND 17, ¶ 18, 708 N.W.2d 895 (quoting 
In re N.C.C.
, 2000 ND 129, ¶ 12, 612 N.W.2d 561).

[¶37] The child support guidelines provide scheduled amounts of support based upon an obligor’s net income.  
See
 N.D. Admin. Code § 75-02-04.1-10.  The scheduled amounts are presumptively correct, and a district court may only deviate from this amount if a preponderance of the evidence establishes that a deviation from the guidelines is in the best interests of the supported child.  
State of Michigan, ex rel. Schneider v. Schneider
, 2008 ND 35, ¶ 4, 745 N.W.2d 368 (citing N.D. Admin. Code § 75-02-04.1-09(2)).  “This Court has emphasized any deviation from the guidelines requires the court to make a written finding or a specific finding on the record.”  
Schneider
, at ¶ 4 (citing 
Schumacher v. Schumacher
, 1999 ND 10, ¶ 10, 589 N.W.2d 185).

[¶38] The child support guidelines define “net income” as an obligor’s gross annual income less federal and state tax obligations and other expenses.  N.D. Admin. Code § 75-02-04.1-01(7).  In calculating child support, a district court must consider “[n]et income received by an obligor from all sources . . . .”  N.D. Admin. Code § 75-02-

04.1-02(3).  Where an obligor’s income is subject to fluctuation, “information reflecting and covering a period of time sufficient to reveal the likely extent of fluctuations must be provided.”  N.D. Admin. Code § 75-02-04.1-02(7).  If an obligor’s income has changed in the recent past, or is likely to change in the near future, “consideration may be given to the new or likely future circumstances.”  N.D. Admin. Code § 75-02-04.1-02(8).  However, “unless the trial court makes a determination that evidence of an obligor’s recent past circumstances is not a reliable indicator of his future circumstances, the trial court must not extrapolate an obligor’s income under N.D. Admin. Code § 75-02-04.1-02(8).”  
Korynta
, 2006 ND 17, ¶ 17, 708 N.W.2d 895.  Therefore, unless the district court makes a specific finding that the income reflected on the prior year’s tax return is not a reliable indicator of future income, “[i]t is improper to calculate an obligor’s annual employment income based on a mid-year pay stub . . . .”  
Berge v. Berge
, 2006 ND 46, ¶ 19, 710 N.W.2d 417.

[¶39] The district court ordered Travis Heinle to pay $604 per month in child support.  The district court adopted Angie Heinle’s proposal, which used an extrapolated annual gross income of $48,421.65 based upon Travis Heinle earning $38,737.32 from January 1 to October 12, 2008.  Travis Heinle proposed a child support obligation of $572 per month.  Travis Heinle calculated his proposal using an extrapolated annual income of $44,180, based upon his earning $22,090 from April to September 2008.  In its findings of fact, the district court noted Travis Heinle earned $54,631.75 in W-2 wages from Jamestown Implement Company in 2007.  The district court also found Travis Heinle had voluntarily limited his work hours since May 2008, when the court ordered the parties to share joint physical custody of A.N.H. during the pendency of the divorce proceeding.

[¶40] On appeal, Travis Heinle claims the district court erred by adopting Angie Heinle’s proposal because it failed to properly consider his recently changed circumstances under N.D. Admin. Code § 75-02-04.1-02(8).  Travis Heinle argues the evidence established Jamestown Implement Company hired additional technicians in early 2008, which reduced the number of overtime hours he worked and also reduced his income.  Therefore, Travis Heinle argues the district court was clearly erroneous to find he voluntarily limited his own work hours.  At trial, Travis Heinle’s work supervisor testified Jamestown Implement Company hired additional technicians in early 2008, and Travis Heinle had worked reduced hours since that time.  The supervisor also testified Travis Heinle could work additional hours if he wanted to.  The district court was therefore not clearly erroneous to find Travis Heinle had voluntarily limited his work hours since the parties agreed to a shared custody arrangement in the interim order.  Because evidence supported the district court finding Travis Heinle voluntarily limited his work hours, the court did not err by rejecting his claim that a change in circumstances required it to extrapolate his net income based upon his earnings from April to September 2008.

[¶41] Nevertheless, the district court erred in its calculation of Travis Heinle’s child support obligation. In its findings of fact, the district court noted Travis Heinle earned $54,631.75 in W-2 wages during 2007.  Rather than utilize this figure for Travis Heinle’s net income, the district court adopted Angie Heinle’s calculation based upon an extrapolated 2008 income.  The district court did not make a specific finding that Travis Heinle’s 2007 W-2 wages were not a reliable indicator of his future income before deciding to use Angie Heinle’s extrapolated figure.  Therefore, the district court erred as a matter of law.  
See
 
Korynta
, 2006 ND 17, ¶ 17, 708 N.W.2d 895 (“[U]nless the trial court makes a determination that evidence of an obligor’s recent past circumstances is not a reliable indicator of his future circumstances, the trial court must not extrapolate an obligor’s income under N.D. Admin. Code § 75-

02-04.1-02(8).”).  Because the district court failed to specifically find Travis Heinle’s 2007 income was not a reliable indicator of his future income, the court erred by calculating his child support obligation based upon an extrapolated figure.  
See
 
Korynta
, at ¶¶ 17-18; 
Brandner v. Brandner
, 2005 ND 111, ¶ 18, 698 N.W.2d 259; 
Helbling v. Helbling
, 541 N.W.2d 443, 448 (N.D. 1995).  We reverse and remand the district court’s calculation of Travis Heinle’s child support obligation for further proceedings consistent with this opinion.

VI.

[¶42] We affirm the district court’s amended judgment awarding primary physical custody and attorney fees to Angie Heinle, but reverse and remand the court’s award of rehabilitative spousal support and its calculation of Travis Heinle’s child support obligation for further proceedings consistent with this opinion.

[¶43] Carol Ronning Kapsner

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

I concur in the result.

  Mary Muehlen Maring

[¶44] The Honorable Dale V. Sandstrom, J., disqualified himself subsequent to oral argument and did not participate in this decision.

FOOTNOTES
1:    
The Legislature amended N.D.C.C. ch. 14-09 during the 2009 session. Effective August 1, 2009, “custody” is now called “primary residential responsibility.”  
See
 2009 N.D. Sess. Laws ch. 149, § 9.