# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 54

Trista Dick,                                          Plaintiff and Appellee

v.

Dustin Erman,                                      Defendant and Appellant

No. 20180236

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Justice.

Bobbi B. Weiler, Bismarck, ND, for plaintiff and appellee.

Daniel H. Oster, Bismarck, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]    Dustin Erman appeals from a district court judgment awarding Trista Dick primary residential responsibility of the parties' minor child. We affirm the district court's judgment as to primary residential responsibility and decision-making responsibility.   We reverse the district court judgment with regard to extended parenting time and remand for a decision consistent with this opinion.

I.

[¶2]    Dick and Erman are the parents of R.M.E. who was born in 2014.  In January 2017, the parties ended their relationship and moved to separate residences.  Dick has been the child's custodial parent since the separation.   In February 2017, Dick initiated proceedings seeking a determination of primary residential responsibility, parenting time, parenting rights and responsibilities, and child support.

[¶3]    The parties could not reach an agreement to resolve the litigation and a trial was held in March 2018.  The evidence at trial included testimony regarding Erman's alcohol use and his domestic violence against Dick.  The district court ultimately found that best interest factors (d), (f), and (j) favored Dick, determined that the remainder of the factors were either neutral or did not apply, and awarded Dick primary residential responsibility of R.M.E.  Erman was provided with parenting time consisting of one overnight a week, every other weekend, and alternating holidays. Erman did not receive any extended parenting time other than additional days associated with every other Christmas holiday and every other school spring break. The parties were allocated day-to-day decision-making authority while R.M.E. is in their respective care.  The parties were provided joint decision-making authority for significant decisions and were required to seek professional assistance if they could

1

not agree on those decisions. However, in the event that the parties reached an impasse, Dick was provided with authority to make the decision.

[¶4]　On appeal, Erman argues the district court erred in not ordering joint residential responsibility. He also asserts that the district court erred in not providing him with an extended period of visitation and in awarding Dick the ultimate decision-making authority when the parties reached an impasse on significant decisions.

II.

[¶5]　Dick's complaint sought primary residential responsibility for R.M.E. In his response to Dick's complaint, Erman sought primary residential responsibility or, alternatively, joint residential responsibility. The district court awarded Dick primary residential responsibility. Erman argues the district court erred in its findings with regard to best interest factors (d), (f), and (j), by not ordering joint residential responsibility, and by failing to provide an explanation why joint residential responsibility had not been ordered.

[¶6]　"A district court's award of primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous." *Morris v. Moller*, 2012 ND 74, ¶ 5, 815 N.W.2d 266. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or, although there is some evidence to support it, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.* (quoting *Doll v. Doll*, 2011 ND 24, ¶ 6, 794 N.W.2d 425). In reviewing a district court decision, this Court "will not retry a custody case or substitute our judgment for a district court's initial custody decision merely because we might have reached a different result." *Marsden v. Koop*, 2010 ND 196, ¶ 8, 789 N.W.2d 531 (quoting *Heinle v. Heinle*, 2010 ND 5, ¶ 6, 777 N.W.2d 590). "This is particularly relevant for custody decisions involving two fit parents." *Id.*

[¶7]    "District courts must award primary residential responsibility of children to the party who will best promote the children's best interests and welfare." *Morris*, 2012 ND 74, ¶ 6, 815 N.W.2d 266. "A district court has broad discretion in awarding primary residential responsibility, but the court must consider all of the relevant factors under N.D.C.C. § 14-09-06.2(1)." *Id.*  Erman argues the district court's analysis of best interest factors (d), (f), and (j), as well as its final conclusion to award Dick primary residential responsibility rather than joint residential responsibility, were clearly erroneous.

[¶8]    Factor (d) requires the district court to consider the "sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's home, and the desirability of maintaining continuity in the child's home and community." With respect to factor (d), the district court made several specific findings.  The court found both parties had provided testimony they would stay in Lincoln where they were currently residing so that R.M.E. would have continuity in his life and community.  The court also found R.M.E. has ties with both sides of his extended family.  However, in weighing factor (d) in favor of Dick, the court found that prior to the parties' separation and after, Dick was the primary parent who provided daily care for R.M.E., and Erman's work caused him to be away from home most of the week. The district court's finding that factor (d) weighed in favor of Dick was not induced by an erroneous view of the law, there is evidence in the record to support the finding, and we are not left with a definite and firm conviction a mistake has been made in weighing the factor in favor of Dick.

[¶9]    Factor (f) requires the district court to consider the moral fitness of the parents and how that fitness impacts the child.  The district court made several findings regarding factor (f), noting there was evidence that both Dick and Erman engaged in excessive alcohol use.  However, the court also found that only Erman has a court

3

record because of excessive alcohol use. The court also found that both parties have taken positive steps to address any issues by completing parenting classes, evaluations, and testing, but at the time of trial, Erman continued to wear an ankle monitor as a condition of probation for his most recent offenses. The court further found that Erman's prior violence and aggression, as well as his black-out drunk episodes, were concerning. The court's finding that factor (f) weighed in favor of Dick was not induced by an erroneous view of the law, there is evidence in the record to support the finding, and we are not left with a definite and firm conviction a mistake has been made in weighing the factor in favor of Dick.

[¶10] Factor (j) requires the district court to consider evidence of domestic violence. The district court found Erman perpetrated acts of domestic violence toward Dick in 2013 and 2017. The 2017 incident resulted in both a civil protection order and a criminal no-contact order. The court further found that although only four incidents were documented, Dick had to deal with Erman's anger and drinking issues for much of the parties' relationship and even sought help from Erman's mother on several occasions. Although the court did not apply the rebutable statutory presumption which would preclude an award of residential responsibility to Erman, the district court did weigh factor (j) in favor of Dick; Dick has not appealed the district court's lack of a finding that the presumption applied. Evidence of domestic violence may still be considered by the court as one of the best interest factors, even if it does not trigger the presumption. *Gietzen v. Gabel*, 2006 ND 153, ¶ 9, 718 N.W.2d 552; *Cox v. Cox*, 2000 ND 144, ¶ 17, 613 N.W.2d 516. The district court's finding that factor (j) weighed in favor of Dick was not induced by an erroneous view of the law, there is evidence in the record to support the finding, and we are not left with a definite and firm conviction a mistake has been made in weighing the factor in favor of Dick.

[¶11] The district court made findings under each of the best interest factors. Erman argues because a majority of the factors did not apply or weighed evenly, the district

court's award of primary residential responsibility to Dick was clearly erroneous. Erman also asserts the district court erred by failing to provide an explanation why joint residential responsibility was not appropriate. The court was presented with a choice between joint residential responsibility or awarding primary residential responsibility to Dick. After considering the best interest factors, the court concluded it would be in R.M.E.'s best interests if Dick has primary residential responsibility. Although the district court may not have expressly stated why joint residential responsibility was not being awarded, the court clearly and unambiguously found it would be in R.M.E.'s best interests for Dick to be awarded primary residential responsibility. The court's finding Dick should be awarded primary residential responsibility was not induced by an erroneous view of the law, there is evidence in the record to support the finding, and we are not left with a definite and firm conviction a mistake has been made in awarding primary residential responsibility to Dick.

### III.

[¶12] Erman argues the district court's award of parenting time was clearly erroneous. A district court's determination of parenting time is a finding of fact subject to the clearly erroneous standard of review. *Krueger v. Krueger*, 2011 ND 134, ¶ 12, 800 N.W.2d 296. "In awarding visitation to the non-custodial parent, the best interests of the child, rather than the wishes or desires of the parents, are paramount." *Bertsch v. Bertsch*, 2006 ND 31, ¶ 5, 710 N.W.2d 113. This Court has stated, "visitation between a non-custodial parent and a child is presumed to be in the child's best interests and that it is not merely a privilege of the non-custodial parent, but a right of the child." *Hendrickson v. Hendrickson*, 2000 ND 1, ¶ 21, 603 N.W.2d 896.

[¶13] Erman argues the district court's parenting time determination is clearly erroneous because it fails to provide him with extended parenting time. "[A]bsent a

reason for denying it, some form of extended summer visitation with a fit non-custodial parent is routinely awarded if a child is old enough." *Deyle v. Deyle*, 2012 ND 248, ¶ 19, 825 N.W.2d 245; *Dschaak v. Dschaak*, 479 N.W.2d 484, 487 (N.D. 1992). Here, the district court did not explain why Erman was not given a block of extended parenting time at some point during the year. While Erman does farm during the summer, it is possible the child could accompany him or extended visitation could take place during a different time of the year. The district court did not explain why an award of extended parenting time for Erman would not be appropriate. We remand to the district court for an award of extended parenting time or an explanation as to why extended parenting time is not appropriate.

## IV.

[¶14] Erman argues the district court erred in granting Dick final decision-making responsibility should the parties fail to agree on a significant decision regarding R.M.E. "A court's ruling on decisionmaking responsibility is also a finding of fact, reviewed under the clearly erroneous standard." *Rath v. Rath*, 2018 ND 138, ¶ 8, 911 N.W.2d 919. "A parenting plan must include a provision relating to decisionmaking responsibility, N.D.C.C. § 14-09-30(2)(a), and that responsibility must be allocated in the best interests of the child, N.D.C.C. § 14-09-31(2)." *Horsted v. Horsted*, 2012 ND 24, ¶ 5, 812 N.W.2d 448.

[¶15] Here, the district court ordered joint decision-making that requires the parties to seek professional assistance if they cannot agree. If, after seeking assistance the parties still cannot agree, Dick, as primary custodian of the child, has been allocated the responsibility to make the decision. With two parents, there is always a potential for the parties to reach a point of impasse when it comes to decisions about their child. Eventually a decision must be made, and we are not left with a definite and firm conviction a mistake was made regarding the district court's determination of decision-making responsibility.

6

## V.

[¶16] We affirm the district court's judgment as to primary residential responsibility and decision-making responsibility. We reverse the district court judgment with regard to extended parenting time and remand for a decision consistent with this opinion.

[¶17] Jon J. Jensen
Jerod E. Tufte
Daniel J. Crothers
Gerald W. VandeWalle, C.J.
Carol Ronning Kapsner

[¶18] The Honorable Carol Ronning Kapsner, S.J., sitting in place of McEvers, J., disqualified.