## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2017, 5:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael Frischkorn
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Goodman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 13, 2017<br><br>Court of Appeals Case No.<br>30A04-1608-CR-1937<br><br>Appeal from the Hancock Superior Court<br><br>The Honorable Terry Snow, Judge<br><br>Trial Court Cause No.<br>30D01-1507-F5-1145 |

**Robb, Judge.**

# Case Summary and Issues

[1]     Following a jury trial, Charles Goodman was convicted of operating a vehicle while intoxicated causing death, a Level 4 felony, and driving with a suspended license, a Class A infraction. The trial court sentenced Goodman to six years in the Indiana Department of Correction, with three years suspended. Goodman appeals, raising two issues for our review: (1) whether the trial court abused its discretion in admitting evidence, and (2) whether his sentence is inappropriate in light of the nature of the offenses and his character. Concluding any error in the admission of evidence is harmless and Goodman's sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2]     On July 28, 2015, Goodman drove a bus full of churchgoers, including children, to a church convention in Ohio. While heading eastbound on Interstate 70 east of Indianapolis, the bus veered off the interstate, struck a tree, and flipped over. When police officers arrived at the scene, they discovered Goodman and a child, J.W., trapped under the bus. When the bus was lifted, J.W. was pronounced dead. Goodman was airlifted to Methodist Hospital in Indianapolis. There, he stated he fell asleep while driving and consented to a blood draw. Goodman's blood tested positive for a metabolite of cocaine. Several other bus passengers were also injured and required hospital care.

[3] On July 30, 2015, the State charged Goodman with reckless homicide, a Level 5 felony, and driving with a suspended license, a Class A infraction. On October 20, 2015, the State amended the charging information to include a count of operating a vehicle while intoxicated causing death as a Level 4 felony. At trial, the State moved to admit a photograph of J.W.'s corpse. Goodman objected, claiming the photograph was unduly prejudicial. The trial court overruled his objection. In addition, an Indiana State Police Department accident reconstructionist testified the cause of the crash was driver fatigue "coupled with the fact of [Goodman's] blood test results . . . ." Transcript, Volume III, at 13. The jury found Goodman guilty of operating a vehicle while intoxicated causing death and driving with a suspended license. The trial court entered judgment of conviction and sentenced Goodman to six years in the Department of Correction, with three years suspended.

# Discussion and Decision

## I. Admission of Evidence

### A. Standard of Review

[4] We review a trial court's admission of evidence for an abuse of discretion. *McVey v. State*, 863 N.E.2d 434, 440 (Ind. Ct. App. 2007), *trans. denied*. "An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court." *Id*. We reverse a trial court's erroneous decision to admit evidence only when the decision affects a party's substantial rights. *McVey*, 863 N.E.2d at 440. However, "[a]ny error

caused by the admission of evidence is harmless error for which we will not reverse a conviction if the erroneously admitted evidence was cumulative of other evidence appropriately admitted." *Id*. In other words, improperly admitted evidence "is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Wickizer v. State*, 626 N.E.2d 795, 800 (Ind. 1993).

## B. Photograph

Goodman contends the trial court abused its discretion in admitting a photograph of J.W.'s corpse. Specifically, he claims the photograph was unduly prejudicial. The State counters the photograph allowed it to meet its burden of proof by showing J.W.'s identity and the accident caused his death.

Despite some photographs' potential to arouse the passions of jurors, a photograph is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. *Lee v. State*, 735 N.E.2d 1169, 1172 (Ind. Ct. App. 2000) (citing Ind. Evidence Rule 403).

> Photographs depicting matters that a witness describes in testimony are generally admissible, and photographs depicting the crime scene are admissible as long as they are relevant and competent aids to the jury. The fact that a photograph or videotape may depict gruesome details of a crime is not a sufficient basis for exclusion.

*Id*. (citations omitted).

[7]     At the outset, we note the State's claim the evidence was probative to the extent it satisfied the elements of the crime of driving while intoxicated causing death is disingenuous. Certainly, the photograph did lend credence to the State's theory J.W. died as a result of the accident, but we reject the State's assertion it could not satisfy the element of proving J.W.'s identity and death through other means. In fact, even without the photograph, it is apparent from the record J.W. was the victim of the crime. Nonetheless, we conclude any error in the admission of the photograph is harmless. The crime required the State to prove Goodman caused J.W.'s death when operating a vehicle with a schedule I or II controlled substance or its metabolite in his blood. Ind. Code § 9-30-5-5(b)(2). The State presented sufficient evidence establishing Goodman was driving the bus, J.W. was a passenger on that bus, the bus veered off the road and crashed, J.W. perished, and shortly following the accident, Goodman's blood tested positive for a metabolite of cocaine. *See* Ind. Code § 35-48-2-6(b)(4) (listing cocaine as a schedule II narcotic). Therefore, even assuming the trial court erred in admitting the photograph, its admission does not amount to reversible error.

## II.  Inappropriate Sentence

[8]     Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court his or her sentence is inappropriate. *Childress v. State,* 848

N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to "leaven the outliers," not achieve the perceived "correct" result in each case. *Id.* at 1225.

[9] The advisory sentence is the starting point the legislature selected as an appropriate sentence for the crime committed. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Here, Goodman was convicted of driving a vehicle while intoxicated causing death as a Level 4 felony. Indiana Code section 35-50-2-5.5 states a person who commits a Level 4 felony shall be imprisoned for a fixed term of between two and twelve years, with the advisory sentence being six years. The trial court sentenced Goodman to six years in the Department of Correction, with three years suspended.

[10] As to the nature of the offenses, we note Goodman was in a position of care and custody over the passengers of the bus, some of whom were children, and he accepted this responsibility with a suspended license and a metabolite of cocaine in his blood. As to his character, Goodman failed to take responsibility for his crimes, claiming others must have planted the cocaine in food or medicine he previously consumed and blaming the accident on mechanical issues with the bus. We further note Goodman only received the advisory sentence with half of that suspended to probation. We conclude Goodman's

sentence is not inappropriate in light of the nature of the offenses and his character.

# Conclusion

[11] The admission of the photograph was at most harmless error and Goodman's sentence is not inappropriate. Accordingly, we affirm.

[12] Affirmed.

Kirsch, J., and Barnes, J., concur.