Crothers, Justice.
 

 [¶ 1] Kevin Hoff appeals from a divorce judgment that, among other things, determined a parenting plan for the parties' children. We affirm the judgment, concluding the district court's parenting plan decision is supported by sufficient findings and is not clearly erroneous.
 

 I
 

 [¶ 2] Kevin Hoff and Nicole Gututala-Hoff were married in 2013. They have two children together, born in 2014 and 2016. In November 2016 Hoff commenced this action for divorce. In September 2017 the district court held a trial on issues remaining after mediation. Hoff represented himself at trial. Gututala-Hoff appeared personally with her attorney.
 

 [¶ 3] In December 2017 the district court entered its findings of fact, conclusions of law, and order for judgment. The court subsequently entered a divorce judgment distributing their property and debts, granting Gututala-Hoff primary residential responsibility for the children, granting Hoff parenting time, granting joint decisionmaking responsibility, and awarding child support to Gututala-Hoff. Hoff filed objections to the judgment, which Gututala-Hoff opposed. The court denied his objections. Hoff appealed from the judgment.
 

 II
 

 [¶ 4] Hoff argues that he should receive residential responsibility for the children because it is in the children's best interests and that the parenting time schedule should be modified.
 

 [¶ 5] Generally, custody and visitation decisions are findings of fact and will not be reversed on appeal unless clearly erroneous.
 
 Horsted v. Horsted
 
 ,
 
 2012 ND 24
 
 , ¶ 4,
 
 812 N.W.2d 448
 
 (citing
 
 Edwards v. Edwards
 
 ,
 
 2010 ND 2
 
 , ¶ 7,
 
 777 N.W.2d 606
 
 ). "A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made."
 
 Laib v. Laib
 
 ,
 
 2008 ND 129
 
 , ¶ 10,
 
 751 N.W.2d 228
 
 . Under the clearly erroneous standard, we will not reweigh evidence, reassess witness credibility, or substitute our judgment for the district court's decision merely because we might have reached a different result.
 
 Wolt v. Wolt
 
 ,
 
 2010 ND 26
 
 , ¶ 7,
 
 778 N.W.2d 786
 
 .
 

 [¶ 6] At trial the parties stipulated to Gututala-Hoff receiving primary residential responsibility. The district court
 then addressed remaining issues, including the parenting plan. In
 
 Horsted
 
 ,
 
 2012 ND 24
 
 , ¶ 5,
 
 812 N.W.2d 448
 
 , the parties also stipulated to primary residential responsibility but did not agree on a parenting plan. This Court explained:
 

 " 'If the parents are unable to agree on a parenting plan, the court shall issue a parenting plan considering the best interests of the child.' N.D.C.C. § 14-09-30(1). A parenting plan must include a provision relating to decisionmaking responsibility, N.D.C.C. § 14-09-30(2)(a), and that responsibility must be allocated in the best interests of the child, N.D.C.C. § 14-09-31(2). The best interests factors are delineated in N.D.C.C. § 14-09-06.2. A district court need not make separate findings for each best interests factor but, as with custody, the court's findings must contain sufficient specificity to show the factual basis for the decision.
 
 Wolt
 
 ,
 
 2010 ND 26
 
 , ¶ 9,
 
 778 N.W.2d 786
 
 .... 'When a trial court does not make required findings, it errs as a matter of law, and it is necessary to remand for additional findings.'
 
 Sailer v. Sailer
 
 ,
 
 2009 ND 73
 
 , ¶ 28,
 
 764 N.W.2d 445
 
 ."
 

 Horsted
 
 , at ¶ 5. In
 
 Horsted
 
 , this Court ultimately reversed and remanded with instructions to make findings, concluding the district court had not provided sufficient findings to allow proper appellate review.
 

 Id.
 

 [¶ 7] Hoff contends on appeal, unlike at trial, that he should receive residential responsibility for the children because it is not in their best interests for Gututala-Hoff to have residential responsibility. In support of his argument, he provides an analysis of the best-interest factors under N.D.C.C. § 14-09-06.2, asserting the factors mostly favor him. He seeks a revised parenting-time schedule and requests a mediator decide where the children will eventually attend school. Hoff also asserts facts outside of the trial record and raises issues not raised below. However, this Court "do[es] not consider questions that were not presented to the trial court and that are raised for the first time on appeal."
 
 Dixon v. Dixon
 
 ,
 
 2017 ND 174
 
 , ¶ 25,
 
 898 N.W.2d 706
 
 (quoting
 
 Messer v. Bender
 
 ,
 
 1997 ND 103
 
 , ¶ 10,
 
 564 N.W.2d 291
 
 ).
 

 [¶ 8] Here, the district court made minimally sufficient findings orally at the hearing and in its written order, explaining its decision on the various parenting plan issues raised at trial. While additional discussion of the best-interest factors would have been helpful, the court's findings are sufficient for us to understand its decision.
 
 See
 

 Brandt v. Somerville
 
 ,
 
 2005 ND 35
 
 , ¶ 12,
 
 692 N.W.2d 144
 
 ("trial court's findings should be stated with sufficient specificity to enable reviewing court to understand the factual basis for the trial court's decision"). On this record, the district court's parenting plan decision is not clearly erroneous.
 

 III
 

 [¶ 9] Hoff raises other issues not relating to the parenting plan, including that no contact or communication should be allowed between him and Gututala-Hoff and that the parties should equally split any remaining debt if their house is foreclosed on.
 

 [¶ 10] We have explained the purpose of an appeal:
 

 "The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision,
 contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised ... in the district court cannot be raised for the first time on appeal."
 

 Spratt v. MDU Res. Grp., Inc.
 
 ,
 
 2011 ND 94
 
 , ¶ 14,
 
 797 N.W.2d 328
 
 (citations and quotation marks omitted). We decline to consider Hoff's arguments that were not presented to the district court or that attempt to address future developments.
 

 IV
 

 [¶ 11] We have considered Hoff's remaining arguments and consider them to be without merit or unnecessary to our decision. The district court's parenting plan decision is supported by sufficient findings and is not clearly erroneous. We affirm the judgment.
 

 [¶ 12] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.