VandeWalle, Chief Justice.
 

 [¶ 1] Mark Rath appealed from the district court's second amended judgment modifying decisionmaking responsibility and parenting time, and from orders denying his other various motions. We conclude the court did not abuse its discretion in denying a new trial because no manifest injustice supports reversal, in denying his requests for recusal of the judge, and in denying his motion for reconsideration. We affirm.
 

 I
 

 [¶ 2] In January 2013, Mark Rath and Kayla Rath, now known as Kayla Jones, were divorced. The divorce judgment awarded Kayla Jones primary residential responsibility for the parties' two children, and Mark Rath received supervised parenting time. Mark Rath has since made
 numerous post-judgment motions in the district court, some of which this Court has addressed in prior cases.
 
 See
 

 Rath v. Rath
 
 ,
 
 2017 ND 138
 
 ,
 
 895 N.W.2d 315
 
 ;
 
 Rath v. Rath
 
 ,
 
 2017 ND 128
 
 ,
 
 895 N.W.2d 306
 
 ;
 
 Rath v. Rath
 
 ,
 
 2016 ND 105
 
 ,
 
 879 N.W.2d 735
 
 ;
 
 Rath v. Rath
 
 ,
 
 2016 ND 83
 
 ,
 
 878 N.W.2d 85
 
 ;
 
 Rath v. Rath
 
 ,
 
 2016 ND 46
 
 ,
 
 876 N.W.2d 474
 
 ;
 
 Rath v. Rath
 
 ,
 
 2015 ND 22
 
 ,
 
 861 N.W.2d 172
 
 ;
 
 Rath v. Rath
 
 ,
 
 2014 ND 171
 
 ,
 
 852 N.W.2d 377
 
 ;
 
 Rath v. Rath
 
 ,
 
 2013 ND 243
 
 ,
 
 840 N.W.2d 656
 
 . In September 2016, the district court entered an amended judgment increasing his child support obligation, which we affirmed.
 
 Rath
 
 ,
 
 2017 ND 138
 
 , ¶¶ 29-30,
 
 895 N.W.2d 315
 
 .
 

 [¶ 3] In October 2016, Mark Rath moved the district court to amend the divorce judgment to adopt his proposed shared parenting plan, requesting joint residential responsibility or, in the alternative, granting him reasonable unsupervised parenting time. After a hearing on April 26, 2017, the court entered a second amended judgment, granting Kayla Jones sole decisionmaking responsibility for the children and amending parenting time to provide Mark Rath with unsupervised parenting time. The court subsequently entered various other orders denying his request for an order to show cause, requests for a new hearing, objections to the proposed judgment, requests for recusal, and motions to reconsider and to clarify.
 

 [¶ 4] Mark Rath appealed from the district court's memorandum for second amended judgment filed May 22, 2017; an order within the May 22 memorandum denying an order to show cause; an order denying his request for a new hearing and his objection to judgment language filed June 8, 2017; an order denying his request for a new hearing and recusal filed June 8, 2017; and the second amended judgment filed June 13, 2017. Because post-judgment motions were pending at the time Rath filed his notice of appeal, we granted a limited remand for the district court to decide his remaining motions. After the court entered its order on August 16, 2017, denying his request to recuse, motion to reconsider, and motion to clarify, Rath filed an amended notice of appeal to include that order.
 

 [¶ 5] While his appeal in this case was pending, we also granted Mark Rath permission to file another motion in the district court, seeking to amend the parenting plan for overnight parenting time to accommodate a ten-day, out-of-state family vacation. See
 
 Rath v. Rath
 
 ,
 
 2018 ND 98
 
 , ¶¶ 4-5,
 
 909 N.W.2d 666
 
 . After a hearing, the district court denied his motion and awarded attorney fees. We affirmed the denial of his motion, reversed the attorney fees award, and denied his request for a supervisory writ.
 
 Id.
 
 at ¶¶ 1, 16. We now address Mark Rath's present appeal concerning proceedings related to entry of the second amended judgment.
 

 II
 

 [¶ 6] A district court may modify primary residential responsibility after two years from an order establishing primary residential responsibility, if the court finds: (1) a material change has occurred in the child's or parties' circumstances, and (2) modification is necessary for the child's best interests.
 
 See
 
 N.D.C.C. § 14-09-06.6(6). A "material change in circumstances" means "an important new fact that was not known at the time of the prior custody decree."
 
 Hankey v. Hankey
 
 ,
 
 2015 ND 70
 
 , ¶ 6,
 
 861 N.W.2d 479
 
 (quoting
 
 Lechler v. Lechler
 
 ,
 
 2010 ND 158
 
 , ¶ 9,
 
 786 N.W.2d 733
 
 (citation omitted) ). The party seeking to modify primary residential responsibility
 bears the burden of proof. N.D.C.C. § 14-09-06.6(8). The court's decision whether to modify custody is a finding of fact that will only be reversed on appeal if clearly erroneous.
 
 Siewert v. Siewert
 
 ,
 
 2008 ND 221
 
 , ¶ 16,
 
 758 N.W.2d 691
 
 .
 

 [¶ 7] In deciding parenting time, we have explained that "the best interests of the child, rather than the wishes or desires of the parents, are paramount."
 
 Bertsch v. Bertsch
 
 ,
 
 2006 ND 31
 
 , ¶ 5,
 
 710 N.W.2d 113
 
 .
 

 [T]o modify parenting time, "the moving party must demonstrate that a material change in circumstances has occurred since entry of the previous [parenting time] order and that the modification is in the best interests of the child." ... The standard set forth in our case law governs modification of a parenting time decision.
 

 Seibold v. Leverington
 
 ,
 
 2013 ND 173
 
 , ¶ 19,
 
 837 N.W.2d 342
 
 (quoting
 
 Wolt v. Wolt
 
 ,
 
 2011 ND 170
 
 , ¶ 19,
 
 803 N.W.2d 534
 
 (citations omitted) ).
 

 [¶ 8] The district court's decision on parenting time is a finding of fact, subject to the clearly erroneous standard of review.
 
 Id
 
 . A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made.
 
 Id.
 
 at ¶ 12. A court's ruling on decisionmaking responsibility is also a finding of fact, reviewed under the clearly erroneous standard.
 
 See
 

 Horsted v. Horsted
 
 ,
 
 2012 ND 24
 
 , ¶¶ 4-5,
 
 812 N.W.2d 448
 
 . "A parenting plan must include a provision relating to decisionmaking responsibility, N.D.C.C. § 14-09-30(2)(a), and that responsibility must be allocated in the best interests of the child, N.D.C.C. § 14-09-31(2)."
 
 Horsted
 
 , at ¶ 5. A court need not make separate findings for each best interests factor under N.D.C.C. § 14-09-06.2, but its findings must contain sufficient specificity to show the factual basis for the decision.
 
 Wolt v. Wolt
 
 ,
 
 2010 ND 26
 
 , ¶ 9,
 
 778 N.W.2d 786
 
 .
 

 [¶ 9] In this case, Mark Rath also made motions for a new trial and for reconsideration, both of which were denied on limited remand. While our law does not formally recognize motions to reconsider, "[t]his Court generally treats a motion for reconsideration as either a motion to alter or amend the judgment under N.D.R.Civ.P. 59(j), or a motion for relief from a judgment or order under N.D.R.Civ.P. 60(b)."
 
 Tuhy v. Tuhy
 
 ,
 
 2018 ND 53
 
 , ¶ 20,
 
 907 N.W.2d 351
 
 . A district court's denial of a motion to reconsider will not be reversed on appeal absent a manifest abuse of discretion.
 
 Kautzman v. Doll
 
 ,
 
 2018 ND 23
 
 , ¶ 13,
 
 905 N.W.2d 744
 
 .
 

 [¶ 10] We also review the district court's denial of a N.D.R.Civ.P. 59(b) motion for new trial for an abuse of discretion.
 
 Sollin v. Wangler
 
 ,
 
 2001 ND 96
 
 , ¶ 8,
 
 627 N.W.2d 159
 
 . A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law.
 

 Id.
 

 "The party seeking relief has the burden to affirmatively establish an abuse of discretion."
 

 Id.
 

 While a party is not required to move for a new trial before appealing a judgment, when a party does move for a new trial, that party is limited on appeal to the issues raised in the new trial motion.
 
 Tuhy
 
 ,
 
 2018 ND 53
 
 , ¶ 21,
 
 907 N.W.2d 351
 
 .
 

 III
 

 [¶ 11] Mark Rath identifies three issues on appeal: manifest injustice requires reversal
 and a new trial of this matter, the district court judge's recusal is mandated by law, and the court's findings are not the product of a permissible view of the evidence.
 

 A
 

 [¶ 12] Mark Rath argues manifest injustice requires reversal and a new trial. Generally, N.D.R.Civ.P. 59(b) provides grounds for a new trial, stating in part:
 

 The court may, on motion of an aggrieved party, vacate the former verdict or decision and grant a new trial on any of the following grounds
 
 materially affecting the substantial rights
 
 of the party:
 

 (1) irregularity in the proceedings of the court, jury, or adverse party, or any court order or abuse of discretion that prevented a party from having a fair trial;
 

 ....
 

 (3) accident or surprise that ordinary prudence could not have guarded against;
 

 (4) newly discovered evidence material to the moving party, which could not, with reasonable diligence, have been discovered and produced at the trial;
 

 ....
 

 (7) errors in law occurring at trial and, when required, objected to by the moving party; ...
 

 (Emphasis added).
 
 See, e.g.
 
 ,
 
 Sollin
 
 ,
 
 2001 ND 96
 
 , ¶¶ 7-9,
 
 627 N.W.2d 159
 
 (discussing Rule 59(b)(7), stating error must be "patent, obvious, or evident" from the record and "materially affect" a party's substantial rights);
 
 see also Black's Law Dictionary
 
 1107 (10th ed. 2014) ("[m]anifest injustice" means "[a] direct, obvious, and observable error in a trial court").
 

 [¶ 13] Mark Rath argues, among other things, that a new trial is warranted based on the facts of this case. He relies on N.D.R.Civ.P. 59(b)(4) and asserts the district court's "systemic" or "commonplace" disregard of the rules prejudiced him. He broadly claims the court created manifest injustice in proceedings leading to the second amended judgment by allowing newly discovered evidence to be subsequently obtained and admitted without further hearing, deciding to remove joint decisionmaking responsibility, and allowing purported ex parte communication.
 

 [¶ 14] Mark Rath contends the district court's handling of newly discovered evidence,
 
 i.e.,
 
 documents received by the court from the Family Safety Center after the April 2017 hearing, constitutes grounds for a new trial based on a "manifest injustice." The Family Safety Center facilitated Mark Rath's supervised parenting time. On February 3, 2017, Rath filed a motion in the district court requesting an order to compel the Family Safety Center to produce all records pertaining to his minor children. The court ultimately signed the order to compel on April 25, 2017, one day before the hearing on Rath's motion to modify the judgment. After the hearing, on May 2, 2017, the court entered an order modifying its April 25 order, stating: "During trial the record request was refined to only include those records from January 2014 to April 2015. This reduces the amount of records needed to be produced by the FCS [sic]."
 

 [¶ 15] The district court apparently left the record open for submission of additional documents, subject to request for further hearing. On May 19, 2017, documents from the Family Safety Center were filed in the district court. On May 22, 2017, the court entered its memorandum decision for
 the second amended judgment, in which the court stated, "Mark was given time to gather FSC records and request further hearing. As the Court has found, the FSC is no longer necessary, such an accommodation is no longer necessary."
 

 [¶ 16] The district court decided an additional hearing on the documents was unnecessary because Mark Rath was awarded unsupervised parenting time. He contends, however, that the court sua sponte granted a continuance at trial and did not honor its "promise" for additional proceedings on the evidence subsequently received from the Family Safety Center. He argues the court's actions affected how he proceeded at trial, precluded him from establishing his claims and allegations against Kayla Jones, and prevented him from supporting his own credibility.
 

 [¶ 17] "[T]he district court has broad discretion over the presentation of evidence and conduct of a trial, in addition to whether to grant a motion for a continuance."
 
 Carroll v. Carroll
 
 ,
 
 2017 ND 73
 
 , ¶ 11,
 
 892 N.W.2d 173
 
 . "[I]n a non-jury case the court should 'admit all evidence which is not clearly inadmissible because a judge, when deliberating the ultimate decision, is capable of distinguishing between admissible and inadmissible evidence.' "
 
 Interest of B.B.
 
 ,
 
 2007 ND 115
 
 , ¶ 10,
 
 735 N.W.2d 855
 
 (quoting
 
 McKechnie v. Berg
 
 ,
 
 2003 ND 136
 
 , ¶ 7,
 
 667 N.W.2d 628
 
 ). "In a bench trial, we presume the court only considered competent evidence, and it is not reversible error to admit incompetent evidence unless the evidence induced an improper finding."
 

 Id.
 

 ;
 
 see also
 

 Sorenson v. Slater
 
 ,
 
 2011 ND 216
 
 , ¶ 19,
 
 806 N.W.2d 183
 
 .
 

 [¶ 18] While Mark Rath claims the district court created a manifest injustice in the proceedings below, he has not filed a transcript of the April 2017 hearing in this appeal. "An appellant assumes the consequences and the risks of failing to provide a complete transcript. If the record on appeal does not provide for a meaningful and intelligent review of an alleged error, we will decline to review the issue."
 
 Grager v. Schudar
 
 ,
 
 2009 ND 140
 
 , ¶ 4,
 
 770 N.W.2d 692
 
 (internal citations omitted).
 

 [¶ 19] Although the Family Safety Center documents are in the record, Mark Rath has not specifically identified what in those records would help him or lead the district court to a different decision. As discussed, the court has broad discretion in the presentation of evidence. Without a transcript of the hearing, we are unable to review what the court actually decided regarding the submission of the documents after the hearing. Nevertheless, even if the district court had been unaware of the records at the time of its memorandum decision, the court had the records at the time Mark Rath moved for reconsideration. On this record, we cannot conclude the court's handling of the Family Safety Center documents created a manifest injustice requiring a new trial.
 

 [¶ 20] Mark Rath claims manifest injustice in the district court decision to remove joint decisionmaking responsibility and granting sole decisionmaking responsibility to Kayla Jones, because neither party had moved to modify decisionmaking authority. We have said that "[w]hile the district court has continuing jurisdiction to modify parenting rights and responsibilities, '[d]ue process requires a party receive adequate notice and a fair opportunity to be heard.' "
 
 Rath
 
 ,
 
 2014 ND 171
 
 , ¶ 14,
 
 852 N.W.2d 377
 
 (quoting
 
 Schmalle v. Schmalle
 
 ,
 
 1998 ND 201
 
 , ¶ 9,
 
 586 N.W.2d 677
 
 ). However, Mark Rath's motion sought to amend the judgment,
 specifically seeking to modify parenting time and the parenting plan. A parenting plan must include provisions addressing the parties' decisionmaking authority.
 
 See
 
 N.D.C.C. § 14-09-30(2)(a) ;
 
 Horsted
 
 ,
 
 2012 ND 24
 
 , ¶ 5,
 
 812 N.W.2d 448
 
 ;
 
 cf.
 

 Lewis v. Smart
 
 ,
 
 2017 ND 214
 
 , ¶ 24,
 
 900 N.W.2d 812
 
 ("district court retained broad authority ... once the original judgment was reopened"). When Mark Rath moved to amend the parenting plan, the court was also permitted to modify decisionmaking responsibility. No manifest injustice was created by modifying the parties' decisionmaking responsibility.
 

 [¶ 21] Mark Rath argues the district court erred in relying on earlier judges' contempt orders in deciding to modify decisionmaking responsibility "on its own accord," and contests the court's findings that Kayla Jones is in fear of him. However, "[a] district court does not operate in a vacuum and may take judicial notice of its prior orders."
 
 Wolt
 
 ,
 
 2011 ND 170
 
 , ¶ 15,
 
 803 N.W.2d 534
 
 ;
 
 cf.
 

 Wessman v. Wessman
 
 ,
 
 2008 ND 62
 
 , ¶ 19,
 
 747 N.W.2d 85
 
 (A district court "may take judicial notice of evidence presented in a closely related case," ... but "[t]he court may only take judicial notice of the evidence as presented, and not for the truth of the matters asserted by the evidence."). The district court did not err in considering the voluminous history and orders of this case and closely related proceedings.
 

 [¶ 22] From our review of the record, we conclude Mark Rath failed to establish manifest injustice in the district court proceedings. We therefore conclude the district court did not abuse its discretion in denying Mark Rath's motion for new trial based on manifest injustice.
 

 [¶ 23] Mark Rath also suggests an "overall manifest injustice" requires this Court issue a supervisory writ to expunge everything except the current parenting plan from the record. We exercise our authority to issue supervisory writs "rarely and cautiously" and only in "extraordinary cases" in which there is no adequate alternative remedy.
 
 See
 

 Rath
 
 ,
 
 2018 ND 98
 
 , ¶¶ 14-15,
 
 909 N.W.2d 666
 
 . "Supervisory jurisdiction is generally not exercised where the proper remedy is an appeal."
 
 Id.
 
 at ¶ 14. Accordingly, we deny his request for a supervisory writ.
 

 B
 

 [¶ 24] Mark Rath contends the district court judge's recusal is mandated by law.
 

 [¶ 25] "The law presumes judges are unbiased, and adverse or erroneous rulings do not, by themselves, demonstrate bias."
 
 Schweitzer v. Mattingley
 
 ,
 
 2016 ND 231
 
 , ¶ 12,
 
 887 N.W.2d 541
 
 . "When making a recusal decision, a 'judge must determine whether a reasonable person could, on the basis of all the facts, reasonably question the judge's impartiality.' "
 
 Rath
 
 ,
 
 2016 ND 46
 
 , ¶ 31,
 
 876 N.W.2d 474
 
 (quoting
 
 Datz v.Dosch
 
 ,
 
 2014 ND 102
 
 , ¶ 16,
 
 846 N.W.2d 724
 
 ). We review the district court's decision on a motion for recusal for an abuse of discretion.
 
 Schweitzer
 
 , at ¶ 12 ;
 
 Rath
 
 , at ¶ 31. "Although a judge has a duty to recuse when required by the Code of Judicial Conduct, a judge also has an equally strong duty not to recuse when the circumstances do not require recusal."
 
 Rath
 
 , at ¶ 31 (citation omitted). Unfavorable or adverse rulings are insufficient to demonstrate bias.
 
 See
 

 Evenstad v. Buchholz
 
 ,
 
 1997 ND 141
 
 , ¶ 11,
 
 567 N.W.2d 194
 
 . We have also explained that "[t]he rule against a judge having prior personal knowledge ... applies only to knowledge learned from extrajudicial sources."
 

 State v. Stockert
 
 ,
 
 2004 ND 146
 
 , ¶ 26,
 
 684 N.W.2d 605
 
 . "When personal knowledge about a matter has been obtained by a judge within another legal proceeding, disqualification is not called for."
 

 Id.
 

 (citing Jeffrey M. Shaman, et al.,
 
 Judicial Conduct and Ethics
 
 § 4.11, at 127 (3rd ed. 2000);
 
 Lee v. State of Indiana
 
 ,
 
 735 N.E.2d 1169
 
 , 1172 (2000) ).
 

 [¶ 26] Mark Rath contends he established sufficient grounds to disqualify the judge because of his purported manifest injustice, ex parte communication, "illegal" modification of joint decisionmaking responsibility, and ignoring of facts favorable to him. We note, however, that Mark Rath has made multiple requests for recusal for every judge that has been assigned to this case. Here, the district court decided Mark Rath's motion to modify parenting time had merit and awarded unsupervised parenting time with his children, subject to certain restrictions, despite the court's articulated concerns.
 

 [¶ 27] In denying recusal, the district court explained it signed the order compelling the Family Safety Center to produce documents once it was made aware of Mark Rath's request; that Mark Rath did not ask for a continuance of the hearing; and that Mark Rath was given a full opportunity to testify, and did testify, about the Family Safety Center issues at the hearing. The court concluded Mark Rath provided no evidence to support recusal, other than his dislike of its ruling, and discounted his allegation of ex parte communication, concluding his motion was without legal or factual basis.
 

 [¶ 28] Based on our review of the record, the district court did not act in an arbitrary, unreasonable, or unconscionable manner; its decision was the product of a rational mental process leading to a reasoned determination; and it did not misinterpret or misapply the law. We conclude the court did not abuse its discretion in denying Mark Rath's requests for recusal.
 

 C
 

 [¶ 29] Mark Rath argues the district court's decision allowing for unsupervised parenting time is clearly erroneous because the court ordered a "very unreasonable visitation schedule" between him and his children. He claims no evidence supports any restrictions on his parenting time and the court erred in relying on a prior judge's "unconstitutional" restrictions against him, violated his First Amendment rights, and erred in taking judicial notice of a purportedly void restraining order.
 

 [¶ 30] In its memorandum decision, the district court found Mark Rath had complied with earlier court orders requiring him to complete a domestic violence offender treatment program and a psychological evaluation. The court found although he complied with the court-required counseling, circumstances had not sufficiently changed since the 2013 divorce judgment to justify Mark Rath's request for a joint parenting responsibility plan. After finding that Mark Rath had no recent difficulties using the Family Safety Center for his supervised visits, the court noted that an April 2016 restraining order had been placed against him by Kayla Jones because of his harassing conduct.
 
 See
 

 Rath v. Rath
 
 ,
 
 2017 ND 80
 
 ,
 
 892 N.W.2d 205
 
 (affirming April 2016 restraining order).
 

 [¶ 31] The district court found that Mark Rath continues to threaten and harass Kayla Jones through the court system and continues to use threats and vulgarities when arranging parenting time. The court
 found he continues to show "an inability to deal with Kayla in a manner to allow for reasonable people to come to some sort of resolution in managing effective parenting time." Based on the information in the file, the testimony at the hearing, and the evidence provided, the court found that "Mark simply wants what Mark wants without regard to the children's best interests," while Kayla Jones has the children's best interests at the forefront of her considerations and is afraid of Mark Rath. The court found Mark Rath had not changed in any substantial way to support joint parenting responsibility.
 

 [¶ 32] The district court, however, found a material change in circumstances sufficient to justify modifying parenting time. The court found the children are older and that telephone calls and Family Safety Center visits had gone "reasonably well" in the past months. The court, therefore, found parenting time needed to be revisited and allowed the judgment to be modified to allow unsupervised parenting time, subject to certain limitations.
 

 [¶ 33] Further, in denying Mark Rath's motion to reconsider, the district court explained:
 

 Mark alleges his right to due process was violated and goes on to point to evidence that he is able to make decisions with Kayla. This allegation by Mark totally ignores the 13 Orders denying Order To Show Cause petitions issued by Judge Hill in this matter, all brought by Mark, during Judge Hill's time on the case. Mark, in October 2016, filed a Motion to Amend the Judgment requesting joint residential responsibility of the children. He alleged a material change in circumstances and this would be in the best interests of the children. Mark requested a four-hour hearing. The Court, after reviewing the file, granted a hearing as prima facie evidence had been provided to show a material change in circumstances as Mark had complied with Judge Reich's conditions in the first Judgment. By Mark's own request, this hearing was to determine a major change in the parenting responsibility. The Court took testimony. The Court allowed for a continued hearing into the [afternoon] of the same date to allow the parties more time. The Court, after hearing all the evidence, issued the Memorandum for [Second] Amended Judgment. Mark's due process rights were not violated and no mistake was made to justify granting a Rule 60(b) motion. Further, no reason exists under Rule 59 to grant a new trial. Mark was provided [the] opportunity to present evidence. The Court took the evidence presented and formulated a Memorandum for a [Second] Amended Judgment in the best interests of the children in this case.
 

 [¶ 34] We agree with the district court's analysis. Moreover, because Mark Rath has failed to provide on appeal a transcript of the April 2017 hearing, we are unable to review the testimony that he suggests renders the court's findings clearly erroneous. We therefore conclude the district court did not abuse its discretion in denying his motion for reconsideration.
 

 IV
 

 [¶ 35] We have considered Mark Rath's remaining arguments and conclude they are either unnecessary to our decision or without merit. The second amended judgment and orders are affirmed.
 

 [¶ 36] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte